IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Luckett, | ) C/A No. 0:10-3172-CMC-PJG |
|              Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden, Anthony Padula, | ) |
|              Respondent. | ) |

The Petitioner, a self-represented state prisoner housed in the Lee Correctional Institution in Bishopville, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] This matter is before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Petitioner is serving a fifty-year sentence for armed robbery, assault and battery with intent to kill ("ABWIK"), and failure to stop for a blue light following his guilty plea in Orangeburg County General Sessions Court on May 18, 2001. The state court sentenced Petitioner to thirty years' imprisonment for armed robbery; a twenty-year consecutive sentence of imprisonment for ABWIK; and a three-year concurrent sentence of imprisonment for failure to stop for a blue light. Petitioner previously filed a § 2254 petition in this Court on April 27, 2009, challenging these same state court convictions and sentences. See Luckette v.

---

[1] Petitioner's surname has also been spelled "Luckette" in prior cases filed in this Court, in various South Carolina state court documents, and in South Carolina Department of Corrections records.

Bodison, No. 0:09-1101-CMC-PJG (D.S.C. 2009).[2] In that case, Respondent's motion for summary judgment was granted and Petitioner's § 2254 petition was dismissed with prejudice by this Court, as being untimely. The Court also denied Petitioner a certificate of appealability (Luckette v. Bodison, No. 0:09-1101-CMC-PJG, (D.S.C. July 19, 2010), ECF No. 43), and denied Petitioner's *pro se* motion for "Modification of Opinion and Order" (Luckette v. Bodison, No. 0:09-1101-CMC-PJG, (D.S.C. July 19, 2010), ECF No. 48). Having reviewed the instant Petition and applicable law, the court finds that this second or successive § 2254 Petition must be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[2] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); see, e.g., Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir.) (1983)(same); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir.)(1980) (federal courts may take judicial notice of proceedings in other courts of record) (citation omitted); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted).



This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Under 28 U.S.C. § 2244(b)(3)(A), "*[b]efore* a second or successive [§ 2254] application permitted by this section is filed in the district court, the applicant *shall move*

in the appropriate court of appeals for an order authorizing the district court to consider the application."(emphasis added).

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B)–(E).[3]

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254.

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[3] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."



As the Fourth Circuit explained in In re Williams, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." See also In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."); Thomas v. Bodison, No. 6:09-2200-HMH-WMC, at *2 (D.S.C. Nov. 9, 2009) ("In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application."). Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court conviction and sentence in this court. As Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this court to consider this second § 2254 application for a writ of habeas corpus, the Petition must be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the instant Petition be dismissed without prejudice and without issuance and service of process. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's

claims are either barred from review or without merit); <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

                                                        _____
                                                        Paige J. Gossett
                                                        UNITED STATES MAGISTRATE JUDGE

February 16, 2011
Columbia, South Carolina

        *Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).